UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVON ANTON CARTER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:17-cv-00172 |
| MONTGOMERY WARD, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW comes DAVON ANTON CARTER ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MONTGOMERY WARD, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 40 year old natural person residing at 7842 South Honore Street, Chicago, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a catalog and online retailer offering household goods to customers on a nationwide basis. Defendant's principal place of business is located at 1112 7th Avenue, Monroe, Wisconsin. Defendant regularly conducts business with consumers in Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In approximately March 2016, Plaintiff began receiving calls to his cellular phone, (708) XXX-7712, from Defendant. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 7712. Plaintiff is and has always been financially responsible for the cellular phone and its services. *See* Exhibit A.

11. The phone number that Defendant most often calls Plaintiff from is (877) 621-3550. *Id.*

2

12. Upon information and belief, the phone number ending in 3550 is regularly utilized by Defendant to contact consumers in Illinois during its debt collection activities.

13. When answering calls from Defendant, Plaintiff often experiences several audible "clicks" and a slight pause before a live representative begins to speak. *Id.*

14. Prior to receiving the calls, Plaintiff was not aware that Defendant was still in existence, and he was not aware as to why it was calling him. *Id.*

15. Upon speaking with one of Defendant's representatives, Plaintiff was informed that it was attempting to collect upon an outstanding debt. *Id.*

16. Plaintiff notified Defendant's representative that this debt did not belong to him, as he had not purchased anything from it. *Id.*

17. Plaintiff tried to find out why Defendant was contacting him on a debt that he did not incur, but upon attempting to resolve this issue, its representative refused to give him any further information since his information did not match up with the information corresponding to the outstanding debt. *Id.*

18. On another call, after Plaintiff gave his information, it notified him that his information did not match up with the information pertaining to the outstanding debt and that it was possible that Defendant was attempting to collect upon another individual named Davon Carter. *Id.*

19. Plaintiff has told Defendant on multiple occasions that the debt does not belong to him and to stop calling him. *Id.*

20. Despite Plaintiff's demands, Defendant continues to regularly call his cellular phone. *Id.*

21. Even after being told to stop contacting him, Defendant has called Plaintiff's cellular phone multiple times during the same day up until the present day. *Id.*

3

22. Plaintiff has received at least 35 calls from Defendant after asking it to stop calling him. *Id.*

23. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights, resulting in costs and expenses. *Id.*

24. Plaintiff has spent money purchasing and maintaining an application on his cellular phone for the purpose of blocking Defendant's calls, resulting in pecuniary loss. *Id.*

25. Plaintiff has suffered financial loss as a result of Defendant's actions.

26. Plaintiff has been unfairly harassed by Defendant's actions.

27. Plaintiff has suffered actual harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

30. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The audible "clicking" noise and brief pause that Plaintiff experienced during

answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS was being utilized.

31. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff never entered into any business transaction with Defendant and never gave it consent to contact him. Even if Defendant had a legitimate business reason for initially contacting Plaintiff, he explicitly revoked any consent by his demands to cease contact.

32. The calls placed by Defendant to Plaintiff were regarding attempted business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, DAVON ANTON CARTER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ILLINOIS**
**CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

36. Defendant's attempted collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

37. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

38. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when he requested that it no longer do so. Defendant ignored Plaintiff's request and continued to contact him, systematically calling his cellular phone multiple times during the same day. These calls were placed with the hope that Plaintiff would be compelled to make payment, even though the debt that was being sought by Defendant did not belong to him. Defendant ignored Plaintiff's prompts to cease its calls and continued to seek payment from him.

39. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

40. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

41. As pled in paragraphs 23 through 28, Plaintiff has suffered actual damages, including costs associated with purchasing and maintaining a blocking application, as a result of Defendant's unlawful collection practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Plaintiff had no business relationship with Defendant and did not owe any debt to it. Nevertheless, he was still bombarded with collection phone calls even after demanding that it stop contacting him. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, DAVON ANTON CARTER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 10, 2016                    Respectfully submitted,

                                                      s/ Nathan C. Volheim
                                                      Nathan C. Volheim, Esq. #6302103
                                                      Counsel for Plaintiff
                                                      Sulaiman Law Group, Ltd.
                                                      900 Jorie Boulevard, Suite 150
                                                      Oak Brook, Illinois 60523
                                                      (630) 575-8181 x113 (phone)
                                                      (630) 575-8188 (fax)
                                                      nvolheim@sulaimanlaw.com